IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARQUIS COPEZ, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-23-0465 |
| GARY DROZDA and LEON GOODRICH, | * | |
| | * | |
| Defendants. | | |

\*\*\*

### MEMORANDUM

Plaintiff Marquis Copez, a Maryland prisoner confined at North Branch Correctional Institution ("NBCI"), filed a civil rights complaint against defendants Samuel Snoberger, Gary Drozda, and Leon Goodrich, pursuant to 42 U.S.C. § 1983. ECF 1. On November 18, 2024, the Court issued a Memorandum Opinion and Order granting summary judgment in favor of defendant Snoberger and dismissing him from this case. ECF 27, ECF 28. On that date, the Court also granted a motion to dismiss in favor of defendants Drozda and Goodrich. *Id.* But, the Court granted Copez leave to file an amended complaint against these two defendants. *Id.* An amended complaint followed on April 15, 2025. ECF 33. It is the operative pleading.

As Copez proceeds in forma pauperis, §§ 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of the complaint.[1] The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721

---

[1] On April 15, 2025, Copez filed a second motion for leave to proceed in forma pauperis, ECF 34, although he had already been granted in forma pauperis status on April 26, 2023. ECF 8. This second motion is unnecessary and will be denied as duplicative.

(2020).

In his amended complaint, Copez alleges that on January 18, 2023, while he was housed at NBCI, he was assaulted by Samuel Snoberger and Zachary Farris. ECF 33 at 4. Copez then received a "ticket" written by defendant Goodrich and approved by defendant Drozda. *Id.* Copez asserts that he did nothing wrong, and that Goodrich perjured himself by writing the ticket, which was later dismissed. *Id.* at 5. Copez believes he was defamed. *Id.* He seeks damages of $950,000 from each defendant and $750,000 from the State of Maryland. *Id.*

In sum, Copez alleges that his rights were violated when Goodrich wrote a false disciplinary report that Drozda then approved. Copez does not allege that Goodrich or Drozda had any retaliatory motive for issuing or approving a false report. Further, Copez complains only of the disciplinary report and does not allege that the disciplinary hearing was conducted in a way that violated his procedural due process rights. *See Wolff v. McDonnell*, 418 U.S. 539, 540 (1974).

The allegations do not assert a federal constitutional violation. The Fourth Circuit has said generally that "a false disciplinary charge cannot serve as the basis for a constitutional claim." *Cole v. Holloway*, 631 F. App'x 185, 186 (4th Cir. 2016) (noting that there may be exceptions where the action is retaliatory or arbitrary) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)).

To the extent the Copez is attempting to allege a claim of defamation against Goodrich and Drozda, this is a claim under Maryland law, not a federal claim. *See Wildauer v. Frederick Cnty.*, 993 F.2d 369, 373 (4th Cir. 1993) (stating that § 1983 cannot be used as a vehicle for asserting a claim of defamation) (citing *Siegert v. Gilley*, 500 U.S. 226, 234-235 (1991); *Paul v.*

*Davis*, 424 U.S. 693, 712 (1976)).  I shall consider the claim on the basis of supplemental jurisdiction.  *See* 28 U.S.C. § 1357(a).[2]

To bring a claim of defamation under Maryland law, the plaintiff must allege (1) that the defendant made a defamatory communication—*i.e.*, that he communicated a statement tending to expose the plaintiff to public scorn, hatred, contempt, or ridicule to a third person who reasonably recognized the statement as being defamatory; (2) that the statement was false; (3) that the defendant was at fault in communicating the statement; and (4) that the plaintiff suffered harm. *Shapiro v. Massengill*, 105 Md.App. 743, 772, 661 A.2d 202, 216-217 (1995) (Hollander, J.), *cert. denied*, 341 Md. 28, 668 A.2d 36 (Table)(1995).

In his initial complaint, Copez provided no allegations as to Goodrich or Drozda and simply stated that he wanted to sue them for "defamation of character."  ECF 1.  Copez was granted leave to supplement his complaint to comply with the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure.  ECF 3 at 1. Copez was further advised, *id.* at 2, that a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Copez then filed a supplement to the complaint.  In its entirety, he alleges:  "On 1/18/2023 I was assaulted by Steven Snoberger and I was written a ticket an[d] was found not guilty.  I would like to sue for defamation of character, Gary Drozda, Sgt. Lawrence Goodrich." ECF 4 at 2.  Thereafter, the Court granted defendants' motion to dismiss, finding that Copez had

---

[2] If I were to decline, in my discretion, to exercise supplemental jurisdiction, plaintiff might be barred from pursuing the claim in a Maryland court.  This is because there is a one-year statute of limitations for defamation claims.  *See* Md. Code, § 5-105 of the Courts and Judicial Proceedings Article.

not stated any allegations of fact as to their conduct. ECF 27 at 18. But, plaintiff was granted leave to file an amended complaint. *Id.*

Copez fares no better with his amended complaint. *See* ECF 33. He states again that his character was defamed because he received a "ticket" written by defendant Goodrich and approved by defendant Drozda. *Id.* at 5. Copez asserts that he did nothing wrong, and claims that Goodrich perjured himself by writing the ticket, which was later dismissed. Copez states that he was "called racial slurs and even had fecal matter thrown on him" because of the incident of January 18, 2023. *Id.*

Copez's allegations lack any indication that the defendants did anything more than write and approve a misbehavior report that was later dismissed. Copez does not set forth the defendants' statements that are alleged to be false, how the alleged false statements were defamatory in nature, or how any such statements were made available to parties who caused him harm. The conclusory statement that defendants Drozda and Goodrich defamed Copez's character is insufficient to allege a claim of defamation under Maryland law and will be dismissed.

By separate Order that follows, the amended complaint will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[3]

December 5, 2025  /s/
DATE  Ellen L. Hollander
  United States District Judge

---

[3] Prior to the court's screening of the amended complaint, defendants Goodrich and Drozda filed a motion to dismiss or, in the alternative for summary judgment. ECF 37. Copez filed a motion for summary judgment. ECF 46. Because the amended complaint will be dismissed, both motions will be denied, as moot.